UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

December 1, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Stephanie S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-0292-CDA

Dear Counsel:

On February 2, 2023, Plaintiff Stephanie S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 13, 15 & 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.    **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on January 6, 2020, alleging a disability onset of December 15, 2018. Tr. 84. Plaintiff's claims were denied initially and on reconsideration. Tr. 84. On May 13, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 46. Following the hearing, on June 15, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] between the alleged disability onset of December 15, 2018 through May 13, 2022, when the ALJ determined Plaintiff to be disabled. Tr. 15, 34. The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.   **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R.

---

[1] 42 U.S.C. §§ 301 et seq.

*Stephanie S. v. Kijakazi*
Civil No. 23-0292-CDA
December 1, 2023
Page 2

§§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "ha[d] not engaged in substantial gainful activity since December 15, 2018, the alleged onset date." Tr. 18.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity; obstructive sleep apnea; rheumatoid arthritis; bilateral plantar fasciitis; sciatica; affective mood disorder; anxiety disorder; post-traumatic stress disorder (PTSD); and [an] eating disorder." Tr. 18.  The ALJ also determined that Plaintiff suffered from the non-severe impairment of substance use disorder.  Tr. 19.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 19.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can stand and/or walk a total of four hours sit up to six hours in an eight-hour day; occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; never climb ropes, ladders, and scaffolds; and she must avoid concentrated exposure to vibration and hazards, such as dangerous machinery and unprotected heights. The claimant can perform simple, routine tasks, requiring no more than occasional changes in the work setting and no more than occasional judgment or decision-making, with no production rate for pace of work (*i.e*., assembly-line work), and she can tolerate occasional interaction with the general public, co-workers, and supervisors.

Tr. 23.  The ALJ determined that Plaintiff was unable to perform past relevant work as a caterer (DOT[2] #187.167-106), however concluded that Plaintiff's "earnings from such work rose to the level of substantial gainful activity in only 2008, and it takes more than two years to achieve average performance for skilled work with SVP 7." Tr. 31.  Therefore, the ALJ concluded that Plaintiff's "past work as a caterer is not past relevant work under [the] Social Security

---

[2] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Stephanie S. v. Kijakazi*
Civil No. 23-0292-CDA
December 1, 2023
Page 3

regulations."[3]  Tr. 31.  Beginning on May 13, 2022, Plaintiff's age category changed to age fifty.  Tr. 34.  The ALJ considered Plaintiff's age category change, education, and work experience and found Plaintiff to be disabled.  Tr. 34.  The ALJ determined that prior to May 13, 2022, Plaintiff could perform other jobs that existed in significant numbers in the national economy, which was testified to by a vocational expert.  Tr. 33.  Therefore, the ALJ concluded that Plaintiff was not disabled prior to May 13, 2022.  Tr. 34.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

Plaintiff contends that the RFC determination lacks the support of substantial evidence.  ECF 13, at 10.  Specifically, Plaintiff asserts that before May 13, 2022, the ALJ did not adequately provide a narrative discussion regarding mental limitations included in his RFC finding, in particular, those pertaining to Plaintiff's ability to concentrate, persist, or maintain pace ("CPP").  ECF 13, 13–14.  Defendant counters that the ALJ built a sufficient "logical bridge" containing a narrative discussion, such that remand is not warranted.  ECF 15, at 6.

An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis."  20 C.F.R. § 416.945(b)–(c).  In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a).  "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'"  *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).

---

[3] *See* 20 CFR §§ 404.1565, 416.965 (defining past relevant work as substantial gainful activity performed within the last 15 years for long enough to achieve average performance).

When performing the RFC assessment, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.); *see White v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation omitted) (stating that to satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)), as amended (Dec. 13, 2000); *see Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original) (internal quotation marks omitted) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate logical bridge from [that] evidence to his conclusion.").

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)); *see also Jeffrey B. v. Saul*, No. GLS 20-1090, 2021 WL 797920, at *3 (D. Md. Mar. 2, 2021) ("[W]here an ALJ finds multiple RFC limitations, each one must be accompanied by a narrative discussion with a separate analysis citing specific evidence that explains how it supports each of the ALJ's conclusions."); SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.). The functional area of CPP "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. § 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* at § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must then expressly account for such limitation, or explain why no limitation exists, in the function-by-function analysis. *Mascio v. Colvin*, 780 F. 3d 632, 638 (4th Cir. 2015); *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Thus, where a claimant has a limitation in CPP, an RFC must either include a limitation that accounts for the ability to focus on work activities and stay on task or explain why no such limitation is necessary. An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at 121–22. However, an ALJ may accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017). In other words, where an ALJ finds that a "plaintiff [i]s moderately limited in CPP, the ALJ must account for those limitations in the RFC or explain how plaintiff could maintain CPP while performing simple, routine tasks." *Everlena G. v. Kijakazi*, No. CV DLB-20-784, 2021 WL 3912277, at *3 (D. Md. Sept. 1, 2021). A function-by-function assessment must include a narrative discussion that explains how certain evidence supports Plaintiff's work-related abilities and limitations. Without such explanation, there is no "accurate and logical bridge from the evidence" to the conclusion, and remand is necessary. *Mascio*, 780 F.3d at 638; *see Stacy C. v. Kijakazi*, No. CBD-20-2833, 2022 WL 814292, at *3 (D. Md. Mar. 17, 2022) (noting that without

a proper narrative discussion, "it is impossible for the Court to determine whether the decision was based on substantial evidence").

In Plaintiff's RFC determination, the ALJ concluded "no production rate for pace of work (*i.e.*, assembly-line work) . . . ." Tr. 23. The ALJ determined that Plaintiff had a moderate CPP limitation. Tr. 22. The ALJ then concluded that Plaintiff could "perform simple, routine tasks, requiring no more than occasional changes in the work setting and no more than occasional judgment or decision-making . . . ." Tr. 22. The ALJ evaluated Plaintiff's subjective reports stating she had difficulty following instructions, completing tasks, and concentrating. Tr. 22. The ALJ then evaluated medical reports from Dr. Stein indicating Plaintiff's inability to reproduce a geometric figure, count backwards from 100 by seven, and varied persistence. Tr. 22. The ALJ further noted regarding CPP that:

> claimant was able to spell "world" backward, and in addition to requiring the ability to understand, remember, or apply information, doing chores, handling money/finances, using public transportation, watching television, and shopping in stores and by phone and email/computer require a capacity for sustained concentration, persistence, or pace (7E; 11E; 9F). Additionally, mental status exams by a mental health treatment provider from January to July 2021 found the claimant evidenced normal attention/appropriate concentration (*e.g.*, 12F/2, 16, 44).

Tr. 22. Plaintiff agrees that the ALJ "summarized some of the relevant medical evidence, discussed some of Plaintiff's symptoms, weigh[ed] portions of the opinions of record, and offered a conclusion as to Plaintiff's RFC . . . ." ECF 13, at 12.

Despite providing evidence to support the moderate CPP limitation, the ALJ failed to explain how assembly line work accommodates Plaintiff's limitation. *See Everlena G.*, 2021 WL 3912277 at *3. The ALJ did not provide the necessary discussion for the pace limitation or how this limitation is related to or accommodated by the severe impairments or moderate limitations from which he concluded Plaintiff suffers. The ALJ only mentioned the limitation in Plaintiff's RFC but did not discuss throughout his decision how or why Plaintiff required such restriction. Tr. 23; *Stacy*, 2022 WL 814292, at *4 (recognizing that the ALJ only mentioned the pace limitation when "providing her concluding paragraph of her findings."). Similar to the flawed approach in *Stacy*, the ALJ reached conclusions about specific limitations without providing any narrative to "bridging" each conclusion with the evidence. 2022 WL 814292, at *4 ("While the ALJ considered the evidence, discussed Plaintiff's complaints and limitations, and pointed out inconsistencies in the record, the ALJ at no point, explained how she concluded that Plaintiff's limitation would be accommodated by the limitation 'work is not performed at a production pace.'").

Defendant claims that the ALJ supported his RFC conclusion with substantial evidence from the record and suggests that "the [C]ourt can trace the ALJ's reasoning in finding Plaintiff's ability to perform unskilled work not at a production rate pace." ECF 15, at 6. But Defendant fails to identify the narrative discussion of why the articulated limitations are sufficient to

accommodate Plaintiff's moderate CPP impairment. Contrary to Defendant's additional argument about the sufficiency of listing subjective complaints and medical evidence, ECF 15, at 8–9, simply listing the evidence is only step one in a proper RFC analysis, *see Dowling*, 986 F.3d at 388; *Stacy*, 2022 WL 814292, at *4 (stating the ALJ considered the evidence, discussed Plaintiff's complaints and limitations, and pointed out inconsistencies in the record, but at no point, explained her conclusion).

For these reasons, the Court finds that the ALJ failed to properly explain the inclusion of the pace limitation or which impairment or limitation it was meant to accommodate. Because the ALJ's assessment lacks a narrative discussion bridging the limitations and the evidence, the Court's ability to review the issue is constrained. *See Thomas*, 916 F.3d at 311 ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion."). Remand is appropriate to cure a failure to the bridge between the evidence and the conclusion. *See Pamela P. v. Kijakazi*, No. JMC-22-00354 (D. Md. Nov. 29, 2022) (finding remand necessary when the ALJ did not provide the "proper bridge connecting the evidence the ALJ considered to the conclusion the ALJ reached regarding the pace limitation"); *Woods*, 888 F.3d at 694 (holding that ALJ failed to build an accurate and logical bridge from the ALJ's evidence to his conclusion because the "ALJ never explained how he concluded – based on [the] evidence – that [claimant] could actually perform the tasks required by [the claimant's RFC]"). Absent the required analysis by the ALJ, the Court "is left to speculat[e] whether the ALJ's conclusions are supported by substantial evidence." *Stacy*, 2022 WL 814292, at *5.

Ordinarily, remand of an SSA decision for legal error is unwarranted unless a plaintiff shows that the error was harmful. *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3572, 2022 WL 684944, at *2 (D. Md. Mar. 8, 2022) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). Plaintiff does not address whether the error she alleges was harmful. *See generally* ECF 13. Nevertheless, remand is appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (citation omitted). Remand is necessary so the ALJ can augment its CPP findings. On remand, the ALJ must either: (1) provide a narrative discussion that explains how the RFC addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC limitation is necessary to address these limitations. *See Talmo*, 2015 WL 2395108, at *3; *Mascio*, 780 F.3d at 638. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

*Stephanie S. v. Kijakazi*
Civil No. 23-0292-CDA
December 1, 2023
Page 7

### V.       CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.


        Sincerely,

        /s/

        Charles D. Austin
        United States Magistrate Judge